## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, AND PUERTO RICO MARITIME SHIPPING AUTHORITY<br>P.O. Box 42001<br>San Juan, Puerto Rico 00940-2001<br><br>    PLAINTIFFS,<br><br>    V.<br><br>HOLT MARINE TERMINAL, INC.,<br>701 N. Broadway<br>Gloucester, NJ 08030-1034<br><br>DELAWARE AVENUE ENTERPRISES, INC.,<br>701 N. Broadway<br>Gloucester City, NJ 08030-1034<br><br>GLOUCESTER MARINE TERMINAL, INC.,<br>Packer Avenue Marine Terminal<br>3301 S. Columbus Boulevard<br>Philadelphia, PA 19148<br><br>EXPRESS EQUIPMENT RENTAL CO.<br>Packer Avenue Marine Terminal<br>3301 S. Columbus Boulevard<br>Philadelphia, PA 19148<br><br>OAE, INC.,<br>2799 S. Columbus Boulevard<br>Philadelphia, PA 19148<br><br>ORCHARD HILL DEVELOPMENT CORPORATION,<br>8 E. Oregon Avenue<br>Philadelphia, PA 19148 | ) ) ) ) ) ) .) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

COMPLAINT – PAGE 1

PORTSIDE REFRIGERATED                )
SERVICES, INC.,                      )
P.O. Box 8698                        )
Philadelphia, PA 19101               )
                                     )
THE TANGLEFOOT CORPORATION,          )
P.O. Box 467                         )
Newtown, PA 18940                    )
                                     )
ESSEX ENTERPRISES, INC.,             )
8 East Oregon Avenue                 )
Philadelphia, PA 19148               )
                                     )
BROAD AND WASHINGTON                 )
CORPORATION                          )
1223-1245 Washington Avenue          )
Philadelphia, PA 19147               )
                                     )
        DEFENDANTS                   )
                                     )

## COMPLAINT

Plaintiffs Government Development Bank for Puerto Rico, ("the Bank") and Puerto Rico

Maritime Shipping Authority ("PRMSA"), bring this civil action for damages against

defendants, and in support thereof would respectfully show the Court the following:

## NATURE OF THE ACTION

1.      This action is brought under the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. §§ 1001, et seq., to recover monies paid by the plaintiffs in satisfaction of

withdrawal liability incurred by NPR, Inc. ("NPR"). ERISA, 29 U.S.C. § 1381 provides that an

employer withdrawing from a multi-employer pension plan incurs immediate liability based

upon that withdrawal.  In this case, employer NPR withdrew from such a plan, incurred the

statutory liability, filed for bankruptcy and failed to pay that liability.  Plaintiffs, pursuant to

section 4204 of ERISA, as well as contractual arrangements with NPR and the multi-employer

COMPLAINT – PAGE 2

pension plan, paid that liability for NPR and are entitled to indemnity by NPR and any member of its "controlled group."

2.      Defendants, upon information and belief, are non-bankrupt members of NPR's "controlled group" as defined in 26 U.S.C. §§ 414 and 1563 and 29 C.F.R. § 4001.3, and are jointly and severally liable for NPR's withdrawal liability under 29 U.S.C. §§ 1301(b) and 1381(a).

## THE PARTIES

3.      Plaintiff Government Development Bank for Puerto Rico is a body corporate and politic organized under the laws of the Commonwealth of Puerto Rico.  Its principal place of business is San Juan, Puerto Rico 00940-2001.  As part of its governmental responsibilities, it was required to provide financial support to PRMSA.

4.      Plaintiff Puerto Rico Maritime Shipping Authority is a non-stock public corporation organized in 1974 pursuant to the Laws of Puerto Rico Ann., Tit. 23 Section 3051 et seq., the purpose of which was to conduct maritime commerce between Puerto Rico and other locations.  PRMSA's principal place of business is San Juan, Puerto Rico 00940-2001.

5.      Defendants are corporations whose principal places of business are Philadelphia and Newton, Pennsylvania and Gloucester City, New Jersey.  Upon information and belief, no defendant has filed for protection under the U.S. Bankruptcy Code.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to both 28 U.S.C. § 1331, as this action is based upon liability arising under ERISA, and 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and the value exceeds $75,000.00.  Venue is

COMPLAINT – PAGE 3

proper in this District pursuant to 28 U.S.C. §§ 1391 (a)(2) and (b)(2), because a substantial part of the events and actions giving rise to plaintiffs' claim occurred in this judicial district.

## OTHER ENTITIES

7.      The New York Shipping Association – International Longshoreman's Association Pension Trust Fund (the "Fund") is a multi-employer pension plan subject to the withdrawal liability provisions of ERISA. The Fund's principal place of business is New York, New York.

8.      NPR, Inc. ("NPR") was incorporated in February, 1995, to purchase stock and assets controlled by plaintiff PRMSA. NPR is a wholly-owned subsidiary of NPR Holding, both of which are part of defendants' controlled group. NPR's principal place of business is Edison, New Jersey.

## THE FACTS

9.      Prior to 1995, PRMSA operated in maritime commerce between Puerto Rico and the Port of Elizabeth, Elizabeth, New Jersey, as well as other locations. PRMSA's use of longshoreman services at the Port of Elizabeth required PRMSA to pay into the Fund as required by ERISA, and it did so.

10.     In February 1995, NPR acquired stock and assets controlled by PRMSA and used those assets to continue the maritime commerce between Puerto Rico and the Port of Elizabeth. As a result, NPR's use of the longshoreman services at the Port of Elizabeth required NPR to pay into the Fund as required by ERISA, and it did so.

11.     Pursuant to Section 4204 of ERISA, PRMSA incurred no immediate obligation to pay withdrawal liability to the Fund as a result of the sale, but it remained secondarily liable to satisfy any such liability in the event NPR partially or completely withdrew from the Fund within a five-year period and failed to satisfy its withdrawal liability to the Fund. The Fund,

COMPLAINT – PAGE 4

PRMSA, the Bank and NPR also entered into a Settlement Agreement on April 23, 1997, extending PRMSA's secondary liability beyond the 5 year period (the "Settlement").[1]

12.     NPR partially withdrew from the Fund as of December 31, 2000 within the five-year period.

13.     NPR continued to use longshoreman services at the Port of Elizabeth until it ceased operations there on March 1, 2001.  NPR's cessation of operations at the Port of Elizabeth resulted in a complete withdrawal from the Fund.  However, despite a timely demand by the Fund, NPR made no payment to the Fund in satisfaction of its withdrawal liability and, on March 21, 2001, along with twenty-four related entities, filed for bankruptcy protection in the District of Delaware.

14.     Pursuant to ERISA Section 4204 and the terms of the Settlement, the Fund demanded that the Bank and PRMSA satisfy NPR's withdrawal liability obligation.  On November 29, 2001, plaintiffs and the Fund entered into a Settlement Agreement and Joint Release (the "Agreement").[2]  Pursuant to the Agreement, plaintiffs paid the Fund $15,896,086.00 in satisfaction of the withdrawal liability incurred but not paid by NPR, as required by the terms of ERISA Section 4204 and the Settlement and, in return, the Fund assigned to plaintiffs its claims against NPR.

15.     On May 14, 2002, Plaintiffs sent letters by United States certified mail, return receipt requested, to each of the Defendants informing them that Plaintiffs believed them to be members of NPR's controlled group and, consequently, jointly and severally liable for the full amount of NPR's withdrawal liability under ERISA.  None of the Defendants responded to Plaintiffs' letters.

---

[1] The Settlement is attached as Exhibit A.
[2] The Agreement is attached as Exhibit B.

COMPLAINT – PAGE 5

16.     Plaintiffs, in their own right pursuant to ERISA Section 4301(a), and also standing in the shoes of the Fund in accordance with the Agreement, seek to recover from members of NPR's controlled group the monies paid to the Fund in satisfaction of NPR's withdrawal liability incurred under ERISA.

**COUNT I**
**VIOLATION OF STATUTORY OBLIGATION UNDER 29 U.S.C. § 1381**
**(All Defendants)**

17.     Paragraphs 1 through 16 are incorporated by reference as if set forth, in full, herein.

18.     NPR incurred withdrawal liability to the Fund under ERISA, 29 U.S.C. § 1381, not later than March 1, 2001.

19.     The amount of NPR's liability was at least $15,896,086.00.

20.     NPR did not pay that liability, but instead filed bankruptcy on March 21, 2001.

21.     As required by ERISA section 4204, as well as the Settlement, when NPR failed to pay the Fund its withdrawal liability, Plaintiffs were secondarily liable to pay and entitled to indemnification by NPR for any such payment by Plaintiffs to the Fund.

22.     Pursuant to the Settlement, and the Agreement between the Fund and Plaintiffs dated November 29, 2001, Plaintiffs paid the fund $15,896,086.00 in satisfaction of the withdrawal liability incurred by NPR, and the Fund assigned its claims against NPR to plaintiffs.

23.     Plaintiffs have not been indemnified by NPR or any member of its controlled group for any amount paid the fund by plaintiffs in satisfaction of NPR's withdrawal liability to the Fund under ERISA.

COMPLAINT – PAGE 6

24.     Defendants, upon information and belief, are members of NPR's "controlled group" and are jointly and severally liable for NPR's withdrawal liability under ERISA, 29 U.S.C. § 1301(b) and 1381(a).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs ask for judgment against the defendants and respectfully pray that this Court:

1.     Order defendants to pay plaintiffs $15,896,086.00 plus interest from November 29, 2001;

2.     Order defendants to pay plaintiffs their costs of suit, including reasonable attorney's fees and expenses as provided by law; and

3.     Order such other and further relief as may be determined to be just, equitable and proper.

Respectfully submitted,

Akin Gump Strauss Hauer & Feld LLP

By:

James L. Griffith
Attorney I.D. No. 74126
One Commerce Square
2005 Market Street
Suite 2200
Philadelphia, PA 19103
(215) 965-1200

Mark J. MacDougall
Anthony W. Swisher
1333 New Hampshire Avenue N.W.
Washington, D.C.  20036
(202) 887-4000

COMPLAINT – PAGE 7

## UNITED STATES DISTRICT COURT

**APPENDIX A**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: P.O. Box 42001   San Juan, Puerto Rico  00940

Address of Defendant:  See Attachment

Place of Accident, Incident or Transaction: New York, New York

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?        Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number:  N/A _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No ☒

CIVIL: (Place ☐ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
     (Please specify) ERISA, 29 U.S.C. §§1001, et seq.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, James Griffith _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/10/02 _____ _____ 74126

Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/10/02 _____ _____ 74126

Attorney-at-Law          Attorney I.D.#

CIV. 609 (9/99)

**DEFENDANTS**

Holt Marine Terminal, Inc.
701 N. Broadway
Gloucester, NJ 08030-1034

Delaware Avenue Enterprises, Inc.
701 N. Broadway
Gloucester City, NJ 08030-1034

Gloucester Marine Terminal, Inc.
Packer Avenue Marine Terminal
3301 S. Columbus Boulevard
Philadelphia, PA 19148

Express Equipment Rental Co.
Packer Avenue Marine Terminal
3301 S. Columbus Boulevard
Philadelphia, PA 19148

OAE, Inc.
2799 S. Columbus Boulevard
Philadelphia, PA 19148

Orchard Hill Development Corporation
8 E. Oregon Avenue
Philadelphia, PA 19148

Portside Refrigerated Services, Inc.
P.O. Box 8698
Philadelphia, PA 19101

The Tanglefoot Corporation
P.O. Box 467
Newtown, PA 18940

Essex Enterprises, Inc.
8 East Oregon Avenue
Philadelphia, PA 19148

Broad And Washington Corporation
1223-1245 Washington Avenue
Philadelphia, PA 19147

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Government Development Bank for Puerto Rico
Puerto Rico Maritime Shipping Authority

## DEFENDANTS
See Attachment

**(b)** County of Residence of First Listed Plaintiff <u>San Juan, Puerto Rico</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed <u>Gloucester, New Jersey</u>
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Akin, Gump, Strauss, Hauer & Feld, LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA  19103

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                       and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.) This action is brought under the Employee Retirement Income Security Act, 29 U.S.C. §§1001, et seq., to recover monies paid by the plaintiffs in satisfaction of the defendants' withdrawal liability.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $15,896,086.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                    DOCKET NUMBER

DATE  10/10/02

SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.      Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Defendants**

Holt Marine Terminal, Inc.
701 N. Broadway
Gloucester, NJ 08030-1034

Delaware Avenue Enterprises, Inc.
701 N. Broadway
Gloucester City, NJ 08030-1034

Gloucester Marine Terminal, Inc.
Packer Avenue Marine Terminal
3301 S. Columbus Boulevard
Philadelphia, PA 19148

Express Equipment Rental Co.
Packer Avenue Marine Terminal
3301 S. Columbus Boulevard
Philadelphia, PA 19148

OAE, Inc.
2799 S. Columbus Boulevard
Philadelphia, PA 19148

Orchard Hill Development Corporation
8 E. Oregon Avenue
Philadelphia, PA 19148

Portside Refrigerated Services, Inc.
P.O. Box 8698
Philadelphia, PA 19101

The Tanglefoot Corporation
P.O. Box 467
Newtown, PA 18940

Essex Enterprises, Inc.
8 East Oregon Avenue
Philadelphia, PA 19148

Broad And Washington Corporation
1223-1245 Washington Avenue
Philadelphia, PA 19147

**IN THE UNITED STATES DISTRICT COURT**          **APPENDIX C**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Government Development Bank for Puerto Rico, et al. | : | CIVIL ACTION |
| v. | : | |
| Holt Marine Terminal, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.          (X)

10/10/02
**Date**

~~Dan J. Griffith~~ (James L. Griffith)
**Attorney-at-law**

Plaintiffs
**Attorney for**

(Civ. 660) 7/95